## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **CAPITAL RESOURCES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 09-2236-CM** |
| | ) | |
| **MICHAEL C. RILEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, Capital Resources, Inc., brings this suit against defendant Michael C. Riley on claims resulting from the breach of a commercial loan agreement. Defendant has failed to appear or otherwise defend, and the clerk of the court entered default against him as to liability. Before the court is Plaintiff's Motion for Default Judgment against Defendant Michael C. Riley, (Doc. 5), in which plaintiff seeks an award of $317,390.63 under Federal Rule of Civil Procedure 55.

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Rule 55(b)(2) governs the entry of default judgment by the court. It states:

> In all other cases, the party must apply to the court for a default judgment. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other mater.

Fed. R. Civ. P. 55(b)(2). "[A] court may enter a default judgment without a hearing only if the

amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). The inquiry does not end just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995). "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atlantic Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)). The amount of damages that a plaintiff may recover on default is limited to the amount which the plaintiff claims in the prayer for relief in the complaint. *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Plaintiff's complaint seeks damages in the amount of $324,656.39, plus interest, reasonable attorneys' fees, and expenses. Plaintiff's application for default judgment seeks damages in the amount of $314,838.13 and attorney fees and litigation expenses in the amount of $2,552.50. In support of its damages request, plaintiff filed the affidavits of its Chief Operating Officer, James McKernan and its attorney John L. Mullen. The affidavits set forth plaintiff's damages and provide supporting documentation. Further, the complaint reasonably notified defendant of the potential amount at stake; plaintiff's complaint sets forth its damages and grounds for attorneys' fees. After

-2-

reviewing the record, the court finds that plaintiff provides specific documentary evidence and details regarding the amounts requested.  The court further finds plaintiff's request for attorneys' fees is reasonable and appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Michael C. Riley, (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that Default Judgment be, and it hereby is, entered against defendant Michael C. Riley and in favor of the plaintiffs in the amount of $317,390.63.

Dated this 21st day of September 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**